# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

TARHONIKA VAUGHN, individually
and as personal representative of the
Estate of TaRhonda Cromwell, *et al.*,

v.                                                          Civil No. CCB-18-3375

CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON, subscribing to
Certificate/Policy No. WN118339

## MEMORANDUM

Plaintiffs TaRhonika Vaughn, individually and as personal representative of the Estate of TaRhonda Cromwell, Sheana Sade McBridge, Christopher Robin Ervin, Jr., and James McBride filed this action against defendant Certain Underwriters at Lloyd's, London, seeking a declaratory judgment that Lloyd's insurance policy, Certificate/Policy No. WN118339, provides up to $1,000,000 in Professional Liability coverage for the plaintiffs' claims arising out of a 2017 fire at Kozy Kottage assisted living facility. Lloyd's filed a motion to dismiss or, in the alternative, to stay proceedings.[1] For the reasons set forth below, the motion to dismiss or, in the alternative, to stay proceedings will be denied.

## BACKGROUND

Kozy Kottage operated as an assisted living facility in Maryland, where TaRhonda Cromwell, who was disabled, as well as five other individuals resided. Am. Compl., ECF No. 14,

---

[1] On December 5, 2018, Lloyd's filed a motion to dismiss or, in the alternative, to stay proceedings, ECF 9, in response to the complaint filed October 31, 2018. ECF 1. On January 8, 2019, the plaintiffs filed their amended complaint, ECF 14, in response to which Lloyd's filed the motion to dismiss at issue here. Therefore, Lloyd's first motion to dismiss will be dismissed as moot.

1

¶ 6. In March 2017, the Kozy Kottage building caught fire. *Id.* The six residents, including TaRhonda Cromwell, were injured. *Id.* At the time of the fire, Kozy Kottage Assisted Living was covered under an insurance policy, issued by defendant Lloyd's. *Id.* ¶ 5. The insurance policy included Professional Liability coverage to Kozy Kottage and its owner and operator, Tracee Barnes. *Id.* ¶ 5.

Ms. Cromwell filed this claim for declaratory judgment on October 31, 2018. Ms. Cromwell later died from her injuries on December 2, 2018. *Id.* ¶ 6. On January 8, 2019, the plaintiffs filed an amended complaint, substituting the estate of TaRhonda Cromwell as plaintiff (with TaRhonika Vaughn as the personal representative), and adding Ms. Cromwell's surviving children as plaintiffs. Prior to her death, Ms. Cromwell had filed a negligence claim against Kozy Kottage and Tracee Barnes in the Health Care Alternative Dispute Resolution Office of Maryland. Def.'s Mot. to Dismiss or, in the Alternative, to Stay Proceedings [hereinafter "Def.'s Mot. to Dismiss"], Ex. 2, ECF No. 15-3. Ms. Cromwell dismissed that claim on October 11, 2018. *Id.*, Ex. 3, ECF No. 15-4. There is currently no case on the underlying negligence claim pending. Def.'s Mem. of Law in Supp. of Def.'s Mot. to Dismiss, ECF No. 15-1, at 7.

At issue in this declaratory judgment action is the policy limit applicable to Ms. Cromwell's claims. Specifically, the plaintiffs request that this court declare that "the insurance policy issued by Defendant Certain Underwriters at Lloyd's, London, subscribing to Certificate/Policy No. WN118339, provides up to $1,000,000 in Professional Liability coverage for Plaintiff's claims for injuries and damages arising out of the March 2017 fire at Kozy Kottage's assisted living facility." Am. Compl., ECF No. 14.

Lloyd's insurance policy issued to Kozy Kottage states, "More than one claim involving the same or interrelated Professional Liability Incidents . . . shall be deemed to constitute a single

claim[.]" *Id.*, Ex. A at 10, ¶ 15. Lloyd's claims that the March 2017 fire at Kozy Kottage is a single Professional Liability Incident, so that all claims from it are subject to a $1,000,000 cap. *Id.* ¶ 17. The plaintiffs aver that Lloyd's has already settled the claims of the five other residents, leaving only the remaining 1/6 portion of the $1,000,000 cap for the plaintiffs. *Id.* ¶ 17. The plaintiffs disagree with Lloyd's position, arguing instead that the Professional Liability Incident that caused Ms. Cromwell's damages is different and not interrelated to those incidents that caused injuries to the other residents, so the relevant cap for Ms. Cromwell's claims is the $1,000,000 per claim cap, rather than a shared $1,000,000 cap for all claims arising out of the fire. *Id.* ¶ 18.

Lloyd's has filed a motion to dismiss or, in the alternative, to stay proceedings, arguing that this declaratory judgment action is premature as the issues necessary to decide this coverage action are "intertwined" with the issues in the yet-to-be-filed tort action on the negligence claims. Mem. of Law in Supp. of Def.'s Mot. to Dismiss, ECF No. 15-1, at 7. Specifically, Lloyd's argues that resolution of this coverage case requires a determination of "whether Lloyd's insureds owed a professional duty of care to Ms. Cromwell" or another kind of tort duty and whether that duty was breached, the same issues that would be decided in a state court action on the underlying tort claims. *Id.* at 9.

The plaintiffs disagree, arguing that to resolve this declaratory judgment action, the court need only interpret the insurance policy "and decide whether the Cromwell Claims for breach of professional duties . . . involve 'the same or interrelated Professional Liability Incidents' as the claims made by other injured residents in connection with the fire." Pls.' Opp'n to Def's Mot. to Dismiss [hereinafter "Pls.' Opp'n"], ECF No. 16, at 11.

## STANDARD OF REVIEW

"The Federal Declaratory Judgment Act gives a federal district court the power, in any 'case of actual controversy within its jurisdiction,' to 'declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 375 (4th Cir. 1994) (quoting 28 U.S.C. § 2201). However, § 2201 is only an "enabling act" that confers discretion on district courts to determine whether to exercise jurisdiction; it does not confer "an absolute right upon the litigant." *See Penn-America Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995)). "[A] federal court may properly exercise jurisdiction in a declaratory judgment proceeding when three essentials are met: (1) the complaint alleges an 'actual controversy' between the parties 'of sufficient immediacy and reality to warrant issuance of a declaratory judgment;' (2) the court possesses an independent basis for jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction" *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004) (citations omitted).

## ANALYSIS

Actual Controversy: Generally, "a dispute between a liability insurer, its insured, and a third party with a tort claim against the insured over the extent of the insurer's responsibility for that claim is an 'actual controversy' within the meaning of the federal Declaratory Judgment Act, even though the tort claimant has not yet reduced his claim against the insured to judgment." *E.g., Winchester Homes*, 15 F.3d at 375 n.3 (citing *Md. Casualty Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270 (1941)); *Penn-America*, 368 F.3d at 414. In *Winchester Homes*, *Penn-America*, and *Maryland Casualty*, the existence of an "actual controversy" was clear because a state court

action was pending. When there is no state court action pending, there may still be an "actual, live controversy about the scope of . . . indemnity coverage" when the "threat of litigation . . . is both real and imminent." *Nautilus Ins. Co. v. REMAC Am., Inc.*, 956 F. Supp. 2d 674, 681 n.4 (D. Md. 2013).

Here, while there is no pending state action, the threat of litigation is real and imminent, as the plaintiffs previously filed a claim in the Health Care Alternative Dispute Resolution Office of Maryland, alleging negligence against Kozy Kottage and Tracee Barnes, *see* Mem. of Law in Supp. of Def.'s Mot. to Dismiss, Ex. 2, ECF No. 15-3, which was dismissed without prejudice on October 11, 2018. *Id.*, Ex. 3, ECF No. 15-4. Further, the parties have not alleged any bar to litigation of the underlying tort claim. Therefore, the complaint properly alleges an actual controversy.

Jurisdiction: Diversity subject matter jurisdiction in accordance with 28 U.S.C. § 1332 exists in this case, because there is complete diversity of citizenship and the amount in controversy exceeds the sum or value of $75,000. The plaintiffs are all residents of the State of Maryland. Am. Compl., ECF No. 14, ¶ 2. Defendant is a foreign association or entity. *Id.* ¶ 3. The "object of the litigation" is coverage under the insurance policy for $1,000,000, which exceeds $75,000. *Gonzalez v. Fairgale Properties Co., N.V.*, 241 F. Supp. 2d 512, 517 (D. Md. 2002) (quoting *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977)).

Discretionary Factors: "If a district court possesses declaratory judgment jurisdiction, it may nonetheless, in the exercise of its discretion, decline to entertain the action." *Volvo Constr. Equip.*, 386 F.3d at 593. A court should have a "good reason" to decline to hear the declaratory judgment action. *Id.* at 594 (quoting *Cont'l Cas. Co. v. Fuscardo*, 35 F.3d 963, 965 (4th Cir. 1994)). The Fourth Circuit has articulated several factors to guide district courts "in determining

whether to exercise jurisdiction over a declaratory judgment action." *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998). The principal questions are whether "the declaratory relief sought: (1) 'will serve a useful purpose in clarifying and settling the legal relations in issue,' and (2) 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Id.* (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937)). And, even in the absence of a parallel state court proceeding, courts also should consider issues of "federalism, efficiency, comity, and procedural 'fencing.'" *Id.* at 423.

This declaratory judgment action satisfies the two principal questions. First, deciding the scope of the insurance coverage if the plaintiffs succeed in their wrongful death and tort claims would serve a useful purpose by settling the dispute between the plaintiffs and Lloyd's regarding the meaning and extent of the insurance contract. Second, it would terminate and afford relief from the uncertainty as to the extent of the insurance coverage. *See United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 494 (4th Cir. 1998) ("[A] declaratory judgment action would undoubtedly 'serve a useful purpose' in settling the disputed rights of United Capitol and the Kapiloffs under the insurance policy, and a declaratory judgment would 'afford relief' from the uncertainty of whether coverage exists under the policy."). Although resolving the declaratory judgment action would not settle the underlying tort dispute, deciding the insurance coverage action might affect the parties' decision to settle or to proceed with the state court action. *See Winchester Homes*, 15 F.3d at 376 ("[T]he nature of the duties a liability insurer owes its insured makes such disputes particularly appropriate for early resolution in a declaratory action[.]").

Next, the court must consider whether the prudential factors of federalism, comity, efficiency, and procedural fencing caution against exercising jurisdiction. Of particular issue is

6

the entanglement concern, which asks "whether permitting the federal action to go forward would result in unnecessary 'enntanglement' between the federal and state court systems, because of the presence of 'overlapping issues of fact or law.'" *Winchester Homes*, 15 F.3d at 377 (citations omitted). The "same core issues of law and fact" are not raised when one action concerns the liability of the parties in the underlying action, and one concerns the "interpretation of the Policy, the scope of coverage, and the determination of . . . duties under the Policy." *Nautlius Ins. Co. v. 200 West Cherry Street LLC*, 383 F. Supp 494, 508 (D. Md. 2019).

The parties disagree as to whether resolving this declaratory judgment action would require deciding the underlying liability issues. Lloyd's avers that to answer the coverage question, the court must "make a finding [on the liability issues] that later may come into conflict with a determination made by" a state court.[2] Mem. of Law in Supp. Of Def.'s Mot. to Dismiss, ECF No. 15-1, at 9 & n.4. This is because the insurance policy coverage may, under Maryland law (which the parties agree governs), apply differently depending on whether Kozy Kottage and Tracee Barnes breached a professional duty or another tort duty. Reply Mem. in Supp. of Def.'s Mot. to Dismiss, ECF No. 17, at 6.

After reviewing the plaintiffs' amended complaint as well as their opposition to defendant's motion to dismiss, it is clear that deciding this declaratory judgment action will not require the court to decide any of the liability issues. In their opposition, the plaintiffs request the court "to declare that, *if*, as alleged in the amended complaint, Kozy Kottage owed professional duties of care to decedent Cromwell which were breached, and *if* those breaches caused her injuries and resulting death, then the applicable limit of liability under the Lloyd's

---

[2] Lloyd's claims, and the plaintiffs have not contested, that the underlying tort claim between the plaintiffs and Kozy Kottage and Tracee Barnes cannot be litigated in federal court as the tort question does not involve a federal question, 28 U.S.C. § 1331, and the parties are all Maryland residents and therefore not diverse, 28 U.S.C. § 1332. Mem. of Law in Supp. of Def.'s Mot. to Dismiss, ECF No. 15-1, at 3 n.4.

7

policy with respect to a judgment in favor of Plaintiffs would be a full 'per claim' $1 Million."
Pls.' Opp'n, ECF No. 16, at 3 (footnote omitted). The plaintiffs' requested relief does not require this court to decide the underlying liability issues or to rule on whether Lloyd's has a duty to indemnify. Rather, the plaintiffs only ask for a declaration on the extent of coverage if they prevail on their professional negligence claims. *See Penn America*, 368 F.3d at 413 (holding the district court could decide whether the insurance company had a duty to defend without engaging in any factfinding on the underlyling issues, as "the district court was presented with the task of determining whether *the allegations* of the complaint, if proved, would bring the claim within the coverage of the Penn-America policy."). Similarly, the plaintiffs only ask whether the allegations of the complaint, if proved, would be covered by up to $1,000,000 in Professional Liability coverage.[3] Additionally, the lack of any pending state action also reduces concerns of entanglement. *See Myles Lumber Co. v. CNA Financial Corp.*, 233 F.3d 821, 825 (4th Cir. 2000) ("We perceive no realistic threat of entanglement here primarily because there is no pending state court action.").

Concerns of efficiency similarly do not counsel against exercising jurisdiction. Although Lloyd's is correct that there are advantages to resolving all issues in a single case, Reply Mem. in Supp. of Def.'s Mot. to Dismiss, ECF No. 17, at 9, "concerns of efficiency cut both ways." *Kapiloff*, 155 F.3d at 494. Here, both the federal court and state court "could efficiently determine the parties' positions," *id.*, and there is no state action currently pending to resolve this coverage dispute. *See Myles Lumber*, 233 F.3d at 824 (considering "it significant that there is no state action pending" in finding that "efficiency weighs heavily in favor of retaining

---

[3] On this, the parties agree that if defendant owed a professional services duty and breached it, *Beale v. American National Lawyers Insurance Reciprocal*, 379 Md. 643 (2004), addresses determinations of what is "interrelated." Pls.' Opp'n, ECF No. 16, at 12; Reply Mem. in Supp. of Def.'s Mot. to Dismiss, ECF No. 17, at 3, 6.

8

jurisdiction"); *Penn-America*, 368 F.3d at 414 ("[Because] the insurance company is not party to the state action] dismissing the federal coverage case would not seem to advance any cause of efficiency.").

As far as the remaining two factors, there appears to be no compelling state interest in having the coverage issue decided in Maryland courts as this coverage dispute appears unlikely to involve "difficult" or "unsettled" questions of Maryland law that would "weigh against the exercise of federal jurisdiction." *200 West Cherry St.*, 282 F. Supp. at 507 (quoting *Winchester Homes*, 15 F.3d at 378). Nor is there any evidence of procedural fencing.

Therefore, this declaratory judgment action is appropriately before this court. Accordingly, the court will deny the defendant's motion to dismiss or, in the alternative, to stay proceedings.

A separate order follows.

9/11/19
Date

Catherine C. Blake
United States District Judge